NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yolanda CARITA,<br><br>                Plaintiff,<br><br>v.<br><br>MON CHERI BRIDALS, LLC and Stephen LANG,<br><br>                Defendants. | Civ. No. 10-2517<br><br>MEMORANDUM ORDER |

THOMPSON, U.S.D.J.

This matter has come before the Court on Plaintiff Yolanda Carita's ("Carita" or "Plaintiff") Motion for Reconsideration [docket # 37], which asks the Court to reconsider two aspects of its earlier Opinion and Order of June 22, 2012 ("the Opinion") [35, 36]. The Court's Opinion granted in part and denied in part a motion for summary judgment filed by Defendants Mon Cheri Bridals, LLC ("Mon Cheri") and Stephen Lang (collectively, "Defendants"). Plaintiff now asks this Court to reconsider: (1) the portion of the Opinion that granted judgment in favor of Defendants as to Plaintiff's FMLA claim; and (2) the portion of the Opinion that limited Plaintiff's Wage Act claim to the override payments earned during the time from the end of the December 2009 pay period through the end of her employment at Mon Cheri. Defendants oppose this motion [42]. The Court has reached a determination after considering the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motion will be denied.

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

1

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

The Court assumes the parties familiarity with the underlying facts and procedural history of this case. In its previous Opinion in this matter, the Court made particular note of Plaintiff's near-complete failure to abide by the strictures of Federal Rule of Civil Procedure 56(c) by failing to cite to any portions of the record in its brief and providing only limited citations in its statement of undisputed facts. In particular, the Court wrote as follows:

> Before addressing the substantive arguments raised by both parties, the Court must first determine what evidence is properly before it. Federal Rule of Civil Procedure 56(c) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support that assertion by: (a) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." If a party does not comply with Rule 56(c) by failing to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion or otherwise grant summary judgment. Fed. R. Civ. P. 56(e)(2)–(3).

> **Plaintiff's brief is replete with instances in which no citation is made to the evidentiary record before the Court**. Moreover, in order to fill the apparent evidentiary gaps in the record, Plaintiff has submitted to the Court a "certification in lieu of affidavit." *See* (Passannante Cert., Ex. A). For many of the propositions that Plaintiff seeks to establish, she cites only to this certification. This certification, however, is not evidence. Noticeably, none of these assertions are made under oath or declared to be true under penalty of perjury. An unsworn certification such as this, which is not supported by any documentary or testimonial evidence, is plainly insufficient to defeat summary judgment. *See, e.g.*, *Byrne v. Monmouth Cnty. Dep't of Health Care Facilities*, 372 F. App'x 232, 234 (3d Cir. 2010); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, *set out facts that would be admissible in evidence*, and show that the affiant or declarant is competent to testify on the matters stated." (emphasis added)); Fed. R. Civ. P. 56(e). Therefore, the Court will not consider any allegation stated in this certification as established for the purposes of creating a factual dispute. Similarly, **where Plaintiff fails to cite to a portion of the record the Court considers this factual assertion as unsupported by any evidence or, if the factual assertion is made in rebuttal to one of Defendants' assertions, the Court considers Defendants' assertion to be admitted by Plaintiff.**

(Op. and Order of June 22, 2012, at 4–5 (emphasis added)).

Now, in her present motion, Plaintiff argues that the Court overlooked portions of Plaintiff's deposition transcript. Plaintiff, however, never identified this evidence to the Court. *See* (Pl.'s Counterstatement of Material Facts ¶¶ 91–93). It is not the Court's duty to pore through hundreds of pages of evidentiary record in order to find one party's saving grace buried underneath. *See United States v. Dunkel*, 927 F.2d 955, 957 (7th Cir. 1991). This is especially true when the record submitted to the Court is disorganized and haphazardly presented—for example, when full ranges of diverse documents are submitted and identified only as "Plaintiff's Response to Defendants' Notice to Produce," as they were here. *See, e.g.*, (Passannante Cert., Ex. E (consisting of 50 pages comprising multiple different documents all submitted to the Court as "Plaintiff's Response to Defendant's [*sic*] Notice to Produce"); *see also* (*id.*, Ex. B (consisting of 26 pages comprising multiple different documents all submitted to the Court as "Plaintiff's Rule 26")). Rule 56(c) makes this abundantly clear by requiring that a party asserting a fact

3

"cit[e] to *particular parts of materials* in the record, *including depositions*." Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). Failure to comply with this Rule may result in the court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). That was exactly the result in this case due in large part to the pervasiveness of Plaintiff's failure to abide by this Rule.

Plaintiff also now seeks, in a footnote, to rectify the gaps in the evidentiary record by providing a sworn certification under penalty of perjury identical to its previously submitted unsworn certification. Again, however, additional evidence not previously before the Court when it decided the underlying motion would be inappropriate to consider when deciding a motion for reconsideration. *See, e.g.*, *DeLong Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980) ("A litigant seeking reconsideration must show that any new evidence presented to the court was unavailable or unknown at the time of the original hearing."); *see also Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997).

Plaintiff next argues that the Court ignored certain emails. In particular, Plaintiff argues that the Court overlooked a November 12, 2009 email in which Lang told Mon Cheri employees of the change in Plaintiff's employment and allegedly accelerated the date in which that employment change was to take effect. At that point in time, however, it was understood that Plaintiff was likely to be out until the end of December. *See* (Pl.'s Counterstatement of Material Facts ¶ 100). Simply accelerating the date of the employment change by two weeks (i.e., the difference between the time Plaintiff was to return and when Plaintiff's status was to become permanent) is insufficient evidence for a reasonable jury to rely upon in concluding that Plaintiff was faced with a hostile work environment. This change was already inevitable for reasons unassociated with Plaintiff's taking FMLA leave. As to the other emails pointed to by Plaintiff, the Court noted in its Opinion that: "Although there were email exchanges between Plaintiff and

4

Lang after November 9, 2009 indicating a strained relationship, . . . there is nothing to suggest that the tone of these emails differed from the period prior to Plaintiff taking FMLA leave." (Op. and Order of June 22, 2012, at 11).

Carita additionally argues that these emails constituted interference with her FMLA leave because Plaintiff was asked to do some limited work during her leave of absence. This, however, was not Plaintiff's theory of liability under the FMLA. In her Amended Complaint, Plaintiff alleges that Defendants violated the FMLA by "substantially reducing Plaintiff's responsibilities, severely cutting her compensation, and constructively discharging Plaintiff from her employment after taking time off for her own 'serious health condition' . . . ." (Am. Compl. ¶ 53) [16]. Plaintiff cannot now be allowed to change its theory of liability under which this case has proceeded in the face of a dispositive motion for summary judgment. This would require an amendment to the complaint. *See generally Shuber v. S.S. Kresge Co.*, 458 F.2d 1058 (3d Cir. 1972); *see also Laurie v. AMTRAK*, 105 F. App'x 387, 392–93 (3d Cir. 2004); *OTA Ltd. P'ship v. Forcenergy, Inc.*, 237 F. Supp. 2d 558, 561 n.3 (E.D. Pa. 2002) (holding that a new theory of liability that was first raised in opposition to a motion for summary judgment was "too late"); *Bulkoski v. Bacharach, Inc.*, 1 F. Supp. 2d 484, 487 (W.D. Pa. 1997) (holding that after a summary judgment argument, "it is too late for plaintiff to change his theory of the case"), *aff'd*, 149 F.3d 1163 (3d Cir. 1998) (table decision).

Finally, Plaintiff argues that the Court committed clear error in determining that she is entitled to only limited relief under the Wage Act. Plaintiff, however, seeks only to rehash previously made arguments that this Court rejected in its Opinion. Simple disagreement with this Court's decision does not suffice to grant a motion for reconsideration. Moreover, Plaintiff still has not cited to any authority indicating that an at-will employee is entitled to compensation

after the time that they have left the company.  Plaintiff's mere belief that she is entitled to compensation does not amount to a valid theory on which liability may be premised.

    For all of the reasons discussed above, Plaintiff's motion must be denied.

    Accordingly, it is on this 20th day of August, 2012,

    ORDERED that Plaintiff's Motion for Reconsideration [37] is DENIED.


                                                    /s/ Anne E. Thompson     
                                                  ANNE E. THOMPSON, U.S.D.J.