NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Yolanda CARITA,

      Plaintiff,

v.

MON CHERI BRIDALS, LLC and Stephen LANG,

      Defendants.

Civ. No. 10-2517

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

      This matter has come before the Court on Plaintiff Yolanda Carita's ("Carita" or "Plaintiff") Motion to Compel the Issuance of a Schedule K-1 [docket # 40]. Plaintiff seeks an order from this Court requiring a third party not named in this litigation, WRE Realty Associates, LLC ("WRE"), to turn over certain tax documents. Plaintiff argues that she is entitled to these documents as part owner of WRE. Defendants Mon Cheri Bridals, LLC ("LLC") and Stephen Lang ("Lang") (collectively, "Defendants") oppose this motion [43]. Defendants argue that this Court is without jurisdiction over WRE because they were not named as a Defendant in this litigation and the Court therefore cannot compel it to act. The Court agrees.

      As Plaintiff recognized throughout her opening papers, WRE is a separate and distinct entity from both Mon Cheri and Lang. As such, WRE has independent litigation authority. This Court, however, does not have jurisdiction over WRE because due process requires, "at a minimum, notice and an opportunity to be heard." *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993) (stating that a third party's due process interests "were particularly compelling" because they were joined under Rule 25(c) "not merely in ongoing

1

litigation but on a judgment already entered against [defendant]."). That constitutional requirement is lacking in this case because WRE was not named as a party nor served with process.

Plaintiff argues that this Court could compel Defendant Lang to turn over the tax document at issue because he is a majority shareholder of WRE. Federal Rule of Civil Procedure 17, however, mandates that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). To the extent that Lang does have the authority to issue the relevant tax document, he possesses this authority only as an agent of WRE. Therefore, his authority is derivative of WRE, and because the Court does not have jurisdiction to compel WRE to act, it similarly does not have authority to compel its agents to act on its behalf.

For all the reasons discussed above, the Court does not have jurisdiction to grant the relief requested by Plaintiff. Plaintiff's remedy would be to file a separate action in state court to compel the production of the tax documents she seeks.

Accordingly, it is on this 20th day of August, 2012,

ORDERED that Plaintiff's Motion to Compel the Issuance of a Schedule K-1 [40] is DENIED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.